IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## JULIO ENRIQUE FERNANDEZ v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sevier County**
**No. 14148-II       James L. Gass, Judge**

_____

**No. E2020-00495-CCA-R3-HC**

_____

The Petitioner, Julio Enrique Fernandez, appeals from the Sevier County Circuit Court's order denying his petition for a writ of habeas corpus. The Petitioner's counsel has filed a motion to withdraw pursuant to Rule 22 of the Tennessee Court of Criminal Appeals. We conclude that counsel's motion is well-taken and, in accordance with Rule 22(F), affirm the habeas corpus court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Court of Criminal Appeals.**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Charles C. Harrison, Jr., for the appellant, Julio Enrique Fernandez.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Jeffrey D. Zentner, Assistant Attorney General; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

### Factual Background

On November 25, 2008, the Petitioner was charged via presentment with the first degree murder of Melissa Foster. On August 9, 2010, the Petitioner pleaded guilty to second degree murder and received an agreed sentence of thirty-five years as a Range II multiple offender. On January 17, 2014, the Petitioner filed a pro se petition for a writ of habeas corpus alleging that the presentment is void because it alleges only a legal conclusion, that the conviction is void because the convicted conduct does not match the charged offense, and that the thirty-five-year sentence is void because it violates the

jurisdiction limits of the trial court. The habeas corpus court entered a preliminary order appointing counsel and directing the State to respond to the petition. On February 7, 2014, the State filed a motion to dismiss the petition, arguing that the Petitioner failed to state a cognizable habeas corpus claim. On October 7, 2014, the habeas corpus court heard arguments of counsel and dismissed the petition. However, an order was never entered and the original judge passed away in 2017. On March 28, 2019, the Petitioner filed a pro se motion for status. The successor judge set the case for further hearing for September 4, 2019. On February 19, 2020, the habeas corpus court entered an order denying the petition, finding that the presentment is not void and that the Petitioner's agreed upon thirty-five-year sentence in exchange for the guilty plea to a lesser offense was within the jurisdiction of the trial court.

The Petitioner filed a timely pro se notice of appeal from the habeas corpus court's order. Because appointed counsel had not been permitted to withdraw by the court below, counsel remained counsel of record on appeal. *See* Tenn. R. Crim. P. 37(e)(3). Appointed counsel moved this court to withdraw pursuant to Rule 22, having concluded "after a conscientious examination of the entire record and applicable law" that this appeal is frivolous under *Anders v. California*, 386 U.S. 738 (1967). The record reflects that the Petitioner received counsel's *Anders* brief and motion to withdraw from representation on September 15, 2020. Nearly ninety days later, on December 10, 2020, the Petitioner filed a motion to proceed pro se on appeal. The Petitioner's response to counsel's motion and brief is untimely. Even if we were to permit the Petitioner to proceed pro se, our review of the appellate record and allegations contained in the habeas corpus petition would lead us to the conclusion that the appeal is frivolous and that the judgment of the habeas court should be affirmed pursuant to Rule 20.

## Analysis

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The Petitioner asserted in the habeas corpus court that his judgment of conviction is void because he was not eligible for a 35-year sentence for the Class A felony of second degree murder as a standard offender. The Petitioner's assertion, however, belies his agreement to plead to a sentence outside his range. *See Hoover v. State*, 215 S.W.3d 776, 779 (Tenn. 2007). Likewise, the judgment is not void because the sentence falls within the range of punishment available for a second degree murder conviction, which is 15 to 60 years. T.C.A. § 40-35-411(b)(1). Because the agreed upon thirty-five-year sentence does not exceed the maximum punishment authorized for second degree murder, the Petitioner is not entitled to habeas corpus relief. Likewise, the presentment in this case is not fatally defective "so as to deprive the [trial] court of jurisdiction." *See Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). Therefore, we conclude that the Petitioner is not entitled to habeas corpus relief and affirm the judgment of the habeas corpus court.

## Conclusion

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the findings of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. By separate order, counsel's motion to withdraw from further representation is GRANTED.

_____
ROBERT H. MONTGOMERY, JR., JUDGE